[J-91-2015][M.O. - Wecht, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 708 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | 6/22/15 in the Court of Common Pleas, |
| | : | Bucks County, Criminal Division at No. |
| v. | : | CP-09-CR-0006917-2005 |
| | : | |
| | : | |
| | : | |
| ROBERT ANTHONY FLOR, | : | |
| | : | |
| Appellant | : | SUBMITTED:  January 20, 2016 |

### *CONCURRING OPINION*

**JUSTICE DOUGHERTY**                    **DECIDED:  April 25, 2016**

I join the Majority Opinion with the exception of its specific mandate: "We direct the PCRA court on remand to permit PCRA counsel the opportunity to determine precisely what portions of trial counsel's file remain privileged in light of Flor's claims." *See* Majority Opinion, slip op. at 20.  I agree entirely with the substance of the concurrence of the Chief Justice and believe our mandate, at a minimum, must be adjusted along those lines.  We cannot lose sight of the incentive to be less than forthcoming in capital matters, nor of the incentive to disputation and delay.[1]  PCRA

---

[1] It appears PCRA discovery disputes have led to significant delay in a number of capital cases, requiring resolution by this Court.  *See*, *e.g.*, *Commonwealth v. Williams*, 86 A.3d 771 (Pa. 2014); *Commonwealth v. Harris*, 32 A.3d 243 (Pa. 2011); (…continued)

courts need to take a firm hand.  Indeed, left to my own devices, I would prefer we direct all such disputes in capital matters be subject to *in camera* review by the PCRA court.

Justice Baer joins this Concurring Opinion.

---

(continued…)
*Commonwealth v. Dennis*, 859 A.2d 1270 (Pa. 2004); *Commonwealth v. Tilley*, 780 A.2d 649 (Pa. 2001).